United States District Court
Southern District of Texas
**ENTERED**
October 27, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRANDON BARNES, § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 4:23-CV-1631 |
| § | | |
| H.E. BUTT GROCERY COMPANY and § | | |
| H-E-B, LP, § | | |
| *Defendants.* § | | |

## ORDER

Before the Court is Defendants H.E. Butt Grocery Company and H-E-B, LP's (collectively, "H-E-B") Motion to Dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (Doc. No. 5). The Plaintiff, Brandon Barnes, has filed a response in opposition. (Doc. No. 7).

Barnes filed this lawsuit against H-E-B claiming libel, slander, and defamation. Instead of pleading diversity of citizenship as a basis for jurisdiction, Barnes pleaded federal question jurisdiction under 28 U.S.C. § 4101 and 18 U.S.C. § 112(a).

It is clear that Plaintiff's claims are not federal claims but exist pursuant to state law. Thus, there is no federal question. Neither statute Barnes cites serves to rectify this problem. First, 28 U.S.C. § 4101 deals with foreign judgments. There are no allegations of any judgments in this case, much less foreign ones. As such, this cannot serve as a jurisdictional basis. Second, 18 U.S.C. § 112(a) concerns the protection of foreign officials and guests and the use of deadly weapons. It does not grant civil federal question jurisdiction.

In his response to H-E-B's Motion to Dismiss, Barnes claims diversity jurisdiction exists because H-E-B is considered a Texan and he is a "non-citizen National of the United States," and that even if he were a citizen of Texas, he has a "private homestead" located outside of Texas.

(Doc. No. 7 at 1). First, the law does not recognize a "non-citizen National of the United States." Second, in Barnes' Application to Proceed in District Court Without Prepaying Fees or Costs, he represented that he was employed here in Houston. (4:23-mc-00678, Doc. No. 1). In his Complaint, he judicially admitted he was a resident of Texas. (Doc. No. 1). Furthermore, he refers to his domicile as being Spring, Texas in an attachment to his Complaint. State citizenship for diversity purposes is synonymous with domicile. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

Barnes must be considered a citizen of Texas for diversity purposes and that citizenship destroys this Court's jurisdiction.

This Court does not have jurisdiction over this matter under either 28 U.S.C. § 1331 or § 1332. Therefore, this case is hereby dismissed without prejudice.

SIGNED this 27th day of October 2023.

Andrew S. Hanen
United States District Judge